IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| WALEED B. HAMID, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| WELLS FARGO BANK, NATIONAL | § |
| ASSOCIATION, AS TRUSTEE FOR | § CASE NO. |
| AMERICAN HOME MORTGAGE | § |
| INVESTMENT TRUST 2004-I | § |
| MORTGAGE-BACKED NOTES, | § |
| SERIES 2004-I and OCWEN LOAN | § |
| SERVICING, LLC, | § |
| | § |
| Defendants. | § |

## NOTICE OF REMOVAL

Defendants Wells Fargo Bank, National Association, as Trustee for American Home Mortgage Investment Trust 2004-1 Mortgage-Backed Notes, Series 2004-1 ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Removing Defendants") respectfully notify the Court pursuant to 28 U.S.C. §1441 that they have this day removed this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to this Court. In support of their removal, Removing Defendants submit this Notice of Removal. Removal is based on the grounds that federal question jurisdiction exists over this action because the action brings claims arising under federal law.

## BACKGROUND

1.  This action was originally filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on or about November 13, 2013. A copy of the Complaint is attached hereto as Exhibit 1.

1

2. Removing Defendants were served on December 11, 2013. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint raises claims based on the Truth In Lending Act ("TILA") 15 U.S.C. § 1601 et seq. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331.

## FEDERAL QUESTION JURISDICTION

4. Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint asserts claims arising directly under federal law.

5. Plaintiff's Complaint alleges that the Removing Defendants violated TILA by failing "to provide the name, address, and telephone number of the owner of the subject mortgage loan, as required by 15 U.S.C. § 1641(f)(2), as well the failure to timely provide an accurate payoff statement as required by 12 C.F.R. § 226.36(c)(1)(iii)." *See* Exh.1, ¶ 1.

## VENUE

6. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, the forum in which the removed action was pending.

## NOTICE

7. Removing Defendants are concurrently filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward

County, Florida, and providing a copy to Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

8. Attached as Exhibit 1 is the Complaint and exhibits filed by the Plaintiff in the state court action. Removing Defendants will supply the entire court file from the state court action as soon as Removing Defendants obtain the court file.

### NON-WAIVER OF DEFENSES

9. By removing this action from the Seventeenth Judicial Circuit for Broward County, Defendant, Wells Fargo, does not waive any defenses available to it.

10. By removing this action from the Seventeenth Judicial Circuit for Broward County, Defendant, Ocwen Loan Servicing LLC, does not waive any defenses available to it.

11. Furthermore, by removing this action from the Seventeenth Judicial Circuit for Broward County, Wells Fargo does not admit any of the allegations in Plaintiff's complaint.

12. By removing this action from the Seventeenth Judicial Circuit for Broward County, Ocwen does not admit any of the allegations in Plaintiff's complaint.

WHEREFORE, Defendants remove the above-captioned action from the Seventeenth Judicial Circuit for Broward County to the United States District Court for the Southern District of Florida.

Dated: December 30, 2013.   Respectfully submitted,

MORRIS, LAING, EVANS, BROCK
 & KENNEDY, Chartered

s/ Jeremy W. Harris
Jeremy W. Harris, Esq.
Florida Bar No. 0041131
Email: jharris@morrislaing.com

        Khari E. Taustin, Esq.
        Florida Bar No. 84741
        Email:  ktaustin@morrislaing.com
        Masimba M. Mutamba, Esq.
        Florida Bar No. 102772
        Email:  mmutamba@morrislaing.com
        Angela Barbosa Wilborn, Esq.
        Florida Bar No. 105644
        Email:  awilborn@morrislaing.com
        505 S. Flagler Drive, Suite 400
        West Palm Beach, FL  33401
        Telephone: (561) 795-6996
        Facsimile: (561) 584-6459
        Email Designated for Service:
            Fl-litigation@morrislaing.com
        *Attorneys for Defendants Wells Fargo and Ocwen*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing has been furnished by email on the 30th day of December, 2013, to the persons as follows:

    Aaron Silvers, Esq.
    Yechezkel Rodal, Esq.
    Loan Lawyers, LLC
    377 North State Road 7, Suite #202
    Plantation, FL 33317
    Email:  Chezky@floridaloanlawyers.com
           asilvers@floridaloanlawyers.com
           slemineur@floridaloanlawyers.com

                s/ Jeremy W. Harris
                Jeremy W. Harris, Esq.

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: COWE13-011475 80

WALEED B. HAMID,

    Plaintiff,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-1 MORTGAGE-BACKED NOTES, SERIES 2004-1 and OCWEN LOAN SERVICING, LLC,

    Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, WALEED B. HAMID, by and through undersigned counsel, and brings this action against the Defendants, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-1 MORTGAGE-BACKED NOTES, SERIES 2004-1 ("WELLS FARGO") and OCWEN LOAN SERVICING, LLC ("OCWEN"), and as grounds thereof would allege as follows:

### JURISDICTION

1. This is an action for damages that exceed $5,000.00 but are less than $15,000.00, exclusive of interest, costs and attorney's fees, for Defendants' violation of the Truth In Lending Act ("TILA") 15 U.S.C. §1601 et seq. Specifically, Plaintiff seeks the remedies as provided in TILA for Defendants' failure, by and through its agent, to provide the name, address, and telephone number of the owner of the subject mortgage

**EXHIBIT 1**

loan, as required by 15 U.S.C. §1641(f)(2), as well the failure to timely provide an accurate payoff statement as required by 12 C.F.R. § 226.36(c)(1)(iii).

2. Venue is proper because the subject property lies in BROWARD County.

## PARTIES

3. At all times material hereto, Defendant, WELLS FARGO was and is a National banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, with a principal address of 420 Montgomery St., San Francisco, CA 94163, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

4. At all times material hereto, Defendant, WELLS FARGO was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

5. At all times material hereto, Defendant, WELLS FARGO was and is an assignee pursuant to 15 U.S.C. §1641. Upon information and belief, the assignment to WELLS FARGO was voluntary.

6. At all times material hereto, Plaintiff was and is a resident of BROWARD County, Florida, and owns a home, which is Plaintiff's primary residence, in BROWARD County.

7. At some point in time prior to the violations alleged herein, OCWEN was hired to service the subject loan.

8. At all times material hereto, OCWEN, is and was a loan servicer as the term is defined in 12 U.S.C.A. § 2605(i)(2), that services the loan obligation owned by WELLS

FARGO and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 4864 SW 38 St., Fort Lauderdale, Florida 33312.

9. Plaintiff's residence is a residential structure containing one to four family housing units.

10. The Promissory Note signed by Plaintiff in connection with the mortgage serviced by OCWEN is a consumer credit transaction within the meaning of, and subject to, TILA.

11. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

12. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1).

## BACKGROUND AND GENERAL ALLEGATIONS

13. On or about January 1, 2010, WELLS FARGO filed a Foreclosure action (the "Foreclosure") against Plaintiff, bearing Case No. CACE10000624, in Broward County, Florida.

14. On or about February 13, 2013, Loan Lawyers, LLC, entered its Notice of Appearance in the Foreclosure.

15. In the Foreclosure, WELLS FARGO alleged that it "owns and holds the Mortgage Note and Mortgage."

16. Attached to the Foreclosure was the subject Note, which named American Home Mortgage Acceptance, Inc. as the Lender. However, the Foreclosure contained no indorsements or subsequent assignments of the Note to WELLS FARGO showing ownership.

TL-9034

17. To date, upon information and belief, there are no recorded assignments in the Broward County records with respect to the subject Mortgage and Note.

18. Plaintiff, in a fight to save his home, wanted to get some clear-cut answers from his loan servicer about his Mortgage and Note.

19. On or about February 23, 2013, OCWEN received a written request ["Plaintiff's request"], sent on behalf of Plaintiff, for information pursuant to TILA and Regulation Z. A substantially similar copy of same is attached as Exhibit "A".

20. Plaintiff's request asked OCWEN to identify the current owner of Plaintiff's Promissory Note, and to provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ["payoff statement"].

21. OCWEN was obligated to disclose the identity of the owner of the obligation, as well as its address and telephone number pursuant to 15 U.S.C. §1641(f)(2) of TILA, which states in part:

> *Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation...*

15 U.S.C. §1641(f)(2)

22. OCWEN was obligated to provide an accurate payoff statement within a reasonable time after receiving the request, pursuant to 12 C.F.R. § 226.36(c)(1)(iii) of Regulation Z, which states:

> (c) Servicing practices.
>
> (1) In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall—

[***]

TL-9034

> (iii) Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full as of a specified date.

12 C.F.R. § 226.36(c)(1)(iii)

23. The Board of Governors of the Federal Reserve System ["the Board"] found the acts and practices prohibited under §226.36(c) to be unfair pursuant to 15 U.S.C. 1639(l)(2). See 73 FR 44522-44570 (July 30, 2008).

24. The Board found a 'reasonable time' within which to provide the payoff statement to be five business days. See 73 FR 44522-44573 (July 30, 2008).

25. On or about March 8, 2013, OCWEN responded to Plaintiff's request ["OCWEN's response"]. A true and correct copy of same is attached hereto as Exhibit "B".

26. In OCWEN's response, OCWEN stated that "...this is a newly transferred loan, we are not in possession of the necessary loan documents... Therefore, we are currently unable to review the loan in reference to your correspondence."

27. OCWEN's response further states, "We trust the information provided has fully addressed your concern."

28. However, none of the information sought in Plaintiff's request was provided. The language quoted above clearly contradicts itself.

29. After three months of waiting, and with concern that no supplemental response was forthcoming, Plaintiff was determined to find out who owned his loan and to receive an accurate payoff statement.

30. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent OCWEN a letter informing OCWEN that it had not complied with the law set forth in Plaintiff's request. The letter provided OCWEN with an additional opportunity to comply with the law.

31. A true and copy of the letter is attached hereto as Exhibit "C".

32. To date, OCWEN has failed to provide the name, address, and telephone number of the owner of the subject loan, and an accurate payoff statement.

## COUNT I – DECLARATORY RELIEF

33. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 32.

34. OCWEN has failed to or refused to comply with 15 U.S.C. §1641(f)(2) of TILA by not providing the full name, address or phone number of the owner of the obligation.

35. OCWEN has failed to or refused to comply with 15 U.S.C. §1639(l)(2) of TILA by not providing an accurate payoff statement within a reasonable time after receiving two separate requests.

**WHEREFORE**, the Plaintiff, WALEED B. HAMID, respectfully requests this Honorable Court declare that Defendant, OCWEN LOAN SERVICING, LLC, has failed to comply with 15 U.S.C. §1641(f)(2) and 15 U.S.C. §1639(l)(2), and for any and all further relief as this Honorable Court may deem just and proper.

## COUNT II – VIOLATION OF TILA

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 32.

37. OCWEN has failed to or refused to comply with 15 U.S.C. §1641(f)(2) of TILA by not providing the full name, address or phone number of the owner of the obligation.

38. Upon information and belief, WELLS FARGO has considerable control over OCWEN by virtue of a Servicing Agreement that governs their relationship.

39. Upon information and belief, the above-referenced agreement contains specific details and guidelines that OCWEN is to follow.

40. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was OCWEN's responding to requests under 15 U.S.C. §1641(f)(2).

41. Upon information and belief, WELLS FARGO may terminate OCWEN's employment at any time.

42. As its servicer, OCWEN is the employee and agent of WELLS FARGO.

43. WELLS FARGO is responsible for OCWEN's failure to respond properly to Plaintiff's request since OCWEN was acting in furtherance and within the scope of its employment for WELLS FARGO.

44. It is well-established that vicarious liability applies to TILA violations. Khan v. Bank of New York Mellon, 849 F. Supp. 2d 1377 (S.D. Fla. Mar. 19, 2012); Kissinger v. Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007–Opt2, Asset Backed Certificates, Series 2007–Opt2, 2012 WL 3759034 (S.D. Fla. August 30, 2012); and Santos v. Federal National Mort. Ass'n, 2012 WL 3860559 (S.D. Fla. Sept. 6, 2012).

45. Plaintiff attempted to amicably resolve the above-issue prior to the filing of this lawsuit. *See* Exhibit "C".

46. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

47. Plaintiff is entitled to the following damages for violations of TILA by Defendant, WELLS FARGO: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

**WHEREFORE**, the Plaintiff, WALEED B. HAMID, demand judgment against the Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-1 MORTGAGE-BACKED NOTES, SERIES 2004-1 for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1640(a), and any and all further relief as this Honorable Court may deem just and proper.

## COUNT III –VIOLATION OF TILA

48. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 32.

49. OCWEN has failed to or refused to comply with 15 U.S.C. §1639(l)(2) of TILA by not complying with 12 C.F.R. §226.36(c)(1)(iii) in that OCWEN failed to provide an accurate pay-off statement within a reasonable time after receiving two separate requests.

50. A private cause of action exists for violations of 12 C.F.R. §226.36(c)(1)(iii). Runkle v. Federal National Mort. Ass'n, 905 F.Supp.2d 1326, 1331 (S.D. Fla. Nov. 16, 2012); and Danier v. Federal National Mort. Ass'n, 2013 WL 462385 (S.D. Fla. Feb. 7, 2013).

51. Upon information and belief, WELLS FARGO has considerable control over OCWEN by virtue of a Servicing Agreement that governs their relationship.

52. Upon information and belief, the above-referenced agreement contains specific details and guidelines that OCWEN is to follow.

TL-9034

53. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was OCWEN's responding to requests for pay-off statements.

54. Upon information and belief, WELLS FARGO may terminate OCWEN's employment at any time.

55. As its servicer, OCWEN is the employee and agent of WELLS FARGO.

56. WELLS FARGO is responsible for OCWEN's failure to respond properly to Plaintiff's request since OCWEN was acting in furtherance and within the scope of its employment for WELLS FARGO.

57. It is well-established that vicarious liability applies to TILA violations. Khan v. Bank of New York Mellon, 849 F. Supp. 2d 1377 (S.D. Fla. Mar. 19, 2012); Kissinger v. Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007–Opt2, Asset Backed Certificates, Series 2007–Opt2, 2012 WL 3759034 (S.D. Fla. August 30, 2012); and Santos v. Federal National Mort. Ass'n, 2012 WL 3860559 (S.D. Fla. Sept. 6, 2012).

58. Plaintiff attempted to amicably resolve the above-issue prior to the filing of this lawsuit. *See* Exhibit "C".

59. Plaintiff has hired Loan Lawyers, LLC for legal representation in this action and has agreed to pay a reasonable attorney's fee.

60. Plaintiff is entitled to the following damages for violations of TILA by Defendant, WELLS FARGO: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

*TL-9034*

WHEREFORE, the Plaintiff, WALEED B. HAMID, demands judgment against the Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-1 MORTGAGE-BACKED NOTES, SERIES 2004-1 for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1640(a), and any and all further relief as this Honorable Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
FBN: 104811
Yechezkel Rodal, Esq.
FBN: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786
Primary e-mail address:   chezky@floridaloanlawyers.com
Primary e-mail address:   asilvers@floridaloanlawyers.com
Secondary e-mail address:   slemineur@floridaloanlawyers.com

TL-9034

# LOAN LAWYERS, LLC.

A Private Law Firm

*"The Attorneys That Care"* ™

*Main Office:*

377 North SR 7, Suite 202
Plantation, Florida 33317-2817
Telephone: (954) 523-HELP (4357)
Facsimile: (954) 581-2786
www.FloridaLoanLawyers.com

*Miami-Dade office:*

11098 Biscayne Boulevard, Suite 408
Miami, Florida 33161
Telephone: (305) 891-4010

*Palm Beach office:*

301 W. Atlantic Avenue, Suite O-8
Delray Beach, Florida 33444
Telephone: (561) 832-6060

**Please reply to the Plantation office

February 19, 2013

### VIA CERTIFIED MAIL-RETURN RECEIPT

Ocwen Loan Servicing, LLC
Attn: Customer Service Department
P.O. Box 24738
West Palm Beach, Florida. 33416-4736

   Re:  WALEED HAMID AND RANA WALEED
        Account Number: 7147344290
        Property Address: 4864 SW 38th Way, Fort Lauderdale, FL 33312

Dear Sir or Madam:

   Please treat this letter as a "qualified written request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e) ["RESPA"]. This request is made on behalf of our above-named Clients, based on the pending dispute regarding their above-mentioned Mortgage. I am writing to you to complain about the accounting and servicing of said mortgage and my need for understanding and clarification of various charges, debits, transactions, actions, payments, analyses, and records related to the servicing of said loan from its inception to the present date.

   Please provide the names and addresses of any and all entities that serviced the above-referenced loan from its inception to the present time, as well as the date you began servicing the loan. Additionally, please state the date the loan first went into default.

   Additionally, please provide a *detailed* explanation for any and all of the fees associated with the account including but not limited to, miscellaneous fees, attorney's fees, service fees, processing fees, inspections, etc.

EXHIBIT "A"

FC-771347

Please provide me confirmation that you have received this QWR within 5 days, as required under 12 U.S.C. Sec. 2605(e) and pursuant to the amendments to RESPA under the Dodd-Frank Act.

Thereafter, please respond to these questions within 20 days of receipt of this letter, also as required under 12 U.S.C. Sec. 2605(e) and pursuant to the amendments to RESPA under the Dodd-Frank Act.

Additionally, please identify the full name, address and telephone number of the current owner of the original mortgage note including the name, address and phone number of any Trustee under the Trust or other fiduciary. **This request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act ["TILA"]** This request is also being made pursuant to the amendments to RESPA under the Dodd-Frank Act.

Please provide this information *within 30 days* of receipt of this letter. If you feel that 30 days is not a reasonable time to comply, please respond with a letter acknowledging same and we will be happy to allow more time for a response.

Truly yours,

*[signature]*

M. H. Abarbanel, Esq
For the firm

FC-771347

MAR 13 2013

**OCWEN** Loan Servicing, LLC
P.O. Box 785063
Orlando, FL 32878-5063
*(Do not send any correspondence or payment to the above address)*

WWW.OCWEN.COM

134

Gwf
Rr

March 08, 2013

M. H. Abarbanel

377 North SR 7, Suite 202
Plantation, FL 33317

RE: Loan Number:     7147344290
Property Address:    4864 Sw 38 Way
                     Hollywood, FL 33312

Dear M. H. Abarbanel :

OCWEN would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** With reference to the borroweråo u s (Waleed Hamid) above loan, you provided us with the RESPA Qualified Written Request and requested us to respond to the queries outlined in the correspondence.

**Response** We acquired the servicing rights of your loan on March 3, 2013, from Homeward Residential with the loan past due for August 1, 2009 payment.

Please note that as this is a newly transferred loan, we are not in possession of the necessary loan documents. Please allow sufficient time for us to acquire the loan documents and update the systems. Therefore, we are currently unable to review the loan in reference to your correspondence.

Further, our records have been updated to indicate Loan Lawyers, LLC as authorized to receive information pertaining to the loan.

For any further questions or concerns regarding the loan, you may contact our Customer Care Center at (800) 746-2936.

We trust the information provided has fully addressed your concern. Please visit our website (www.ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the OCWEN consumer advocate by email through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,

**EXHIBIT "B"**

*This communication is from a debt collector attempting to collect a debt; any information obtained will However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communica does not constitute an attempt to collect a debt.*

Loan Number:7147344290

NMLS # 1852



OCWEN Loan Servicing, LLC
P.O. Box 785063
Orlando, FL 32878-5063
(Do not send any correspondence or payment to the above address)

WWW.OCWEN.COM

Sunil J Kumar
Research Department
Ocwen Loan Servicing, LLC

RRCMAINLTRM.12   2

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

NMLS # 1852

Loan Number: 7147344290

# JL LOAN LAWYERS, LLC.

| Main Office: | Miami-Dade office: | Palm Beach office: |
|---|---|---|
| 377 North SR 7, Suite 202 | 11098 Biscayne Boulevard, Suite 408 | 301 W. Atlantic Avenue, Suite O-8 |
| Plantation, Florida 33317-2817 | Miami, Florida 33161 | Delray Beach, Florida 33444 |
| Telephone: (954) 523-HELP (4357) | Telephone: (305) 891-4010 | Telephone: (561) 832-6060 |
| Facsimile: (954) 581-2786 | | |

www.FloridaLoanLawyers.com

**\*\*Please reply to the Plantation office**

June 4, 2013

Ocwen Loan Servicing, LLC
Attn: Customer Service Department
P.O. Box 24738
West Palm Beach, Florida. 33416-4736

Re:               WALEED HAMID AND RANA WALEED
Account #:        7147344290
Property Address: 4864 SW 38th Way, Fort Lauderdale, FL 33312

Dear Sir or Madam:

    We are in receipt of your correspondence dated Mach 8, 2013. I have reviewed same and feel that it is not in compliance with 15 U.S.C. 1641(f)(2). That said, I wanted to give you the opportunity to supplement your response to fully comply with the law prior. Given the importance of this information to our client's interests, we are willing to provide an additional two weeks for you to obtain this information. Should you feel the need for additional time, please request additional time in writing within the next two weeks.

    Please be advised that if I do not hear back from you on this matter within the next two weeks, I fully intend on filing a lawsuit on my client's behalf. Please feel free to contact me if you have any questions.

Sincerely,

*[signature]*

Yechezkel Rodal, Esq.

FC-771347

EXHIBIT "C"